UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| JEFFREY A. HARKER, | ) |
| Plaintiff, | ) |
| v. | ) No. 1:15-CV-114-JAR |
| JESSE HOUSEMAN, et al., | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

Before the Court is plaintiff's motion for reconsideration of the July 7, 2015 dismissal of this action, without prejudice [Doc. 8]. For the following reasons, the motion will be granted in part and denied in part.

Plaintiff filed this action for monetary relief under 42 U.S.C. § 1983 against defendants Jesse Houseman (Deputy), John Jordan (Sheriff), and the Cape Girardeau County Sheriff's Office, alleging constitutional violations arising out of an incident that occurred on August 12, 2014. After reviewing the complaint, this Court interpreted plaintiff's allegations as asserting only an excessive-use-of-force claim and dismissed this action under *Younger v. Harris*, 401 U.S. 37, 46 (1971). A review of Missouri CaseNet had revealed that plaintiff was facing state criminal charges involving the same incident for, *inter alia*, assault/attempted assault and resisting and interfering with a felony arrest. *See Missouri v. Harker*, No. 14CG-CR01466-01 (Cape Girardeau). The case is currently pending in state court. The Court further noted that sheriff's departments are not suable entities, the doctrine of respondeat superior is not applicable in § 1983 actions, and plaintiff had failed to assert any claims or allegations against defendant John Jordan.

In the instant motion for reconsideration, plaintiff states that he was also asserting an illegal arrest claim, and the Court does find one conclusory statement in the complaint alleging a warrantless arrest by defendant Houseman. Plaintiff asks that this Court stay his claims pending resolution of his underlying state criminal proceeding.

In *Wallace v. Kato*, the United States Supreme Court held that "the statute of limitations upon a § 1983 claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant is detained pursuant to legal process." 549 U.S. 384, 397 (2007). The Court instructed that where "a plaintiff files a false arrest claim before he has been convicted . . . it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended." *Id.* at 393-94. Otherwise, the court and the parties are left to "speculate about whether a prosecution will be brought, whether it will result in conviction, and whether the impending civil action will impugn that verdict, all this at a time when it can hardly be known what evidence the prosecution has in its possession." *Id.* at 393 (internal citation omitted).

Because plaintiff's criminal case is pending, the Court will grant his request to stay this action with respect only to defendant Jesse Houseman, who allegedly is the deputy who arrested and tasered plaintiff. The Court will deny the motion as to defendants Cape Girardeau County Sheriff's Office and John Jordan, finding that these parties were properly dismissed, as set forth in the July 7 Memorandum and Order, which is incorporated herein by reference.

Plaintiff is advised that he must inform the Court when his criminal judgment is final. At that time, the Court will re-open this case and determine whether defendant Houseman should be served with process.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for reconsideration of the Court's July 7, 2015 dismissal of this action [Doc. 8] is **GRANTED IN PART AND DENIED IN PART**. The motion is granted as to defendant Jesse Houseman only and is denied in all other respects.

**IT IS FURTHER ORDERED** that, with respect to defendant Jesse Houseman, the Clerk is directed to **REOPEN** and then **ADMINISTRATIVELY STAY** this action.

**IT IS FURTHER ORDERED** that plaintiff must notify the Court, in writing, within thirty days of his final criminal judgment.

**IT IS FURTHER ORDERED** that the Clerk of Court shall provide plaintiff with a full copy of the Court's July 7, 2015 Memorandum and Order [Doc. 5] and Order of Dismissal [Doc. 6].

**IT IS HEREBY CERTIFIED** that an appeal from this Order would not be taken in good faith.  *See* 28 U.S.C. § 1915(a)(3).

Dated this 30th day of July, 2015.

_____
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**