UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| JEFFREY A. HARKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:15-CV-114-JAR |
| | ) | |
| JESSE HOUSEMAN, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court for review pursuant to 28 U.S.C. § 1915. For the reasons set forth below, this case will be dismissed, without prejudice. *See* 28 U.S.C. § 1915(e)(2)(B); *Heck v. Humphrey*, 512 U.S. 477 (1994).

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1059 (4th Cir. 1987). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Id.* at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. *Id.* at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." *Id.* The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." *Id.* at 1951. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's conclusion is the most plausible or whether it is more likely that no misconduct occurred. *Id.* at 1950, 51-52.

Moreover, in reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

**Background**

Plaintiff filed this action for monetary relief under 42 U.S.C. § 1983 against defendants Jesse Houseman (Deputy), John Jordan (Sheriff), and the Cape Girardeau County Sheriff's Office, alleging constitutional violations arising out of an incident that occurred on August 12, 2014. After reviewing the complaint, this Court interpreted plaintiff's allegations as asserting only an

excessive-use-of-force claim and dismissed this action under *Younger v. Harris*, 401 U.S. 37, 46 (1971). A review of Missouri CaseNet had revealed that plaintiff was facing state criminal charges involving the same incident for, *inter alia*, assault/attempted assault and resisting and interfering with a felony arrest. *See Missouri v. Harker*, No. 14CG-CR01466-01 (Cape Girardeau). The case was pending in state court. The Court further noted that sheriff's departments are not suable entities, the doctrine of respondeat superior is not applicable in § 1983 actions, and plaintiff had failed to assert any claims or allegations against defendant John Jordan.

Thereafter, plaintiff informed the Court that he was also asserting an illegal arrest claim, and the Court did find one conclusory statement in the complaint alleging a warrantless arrest. Plaintiff asked that this Court stay his claims pending resolution of his underlying state criminal proceeding. A stay was granted with respect only to defendant Jesse Houseman, who allegedly was the deputy who arrested and tasered plaintiff. *Wallace v. Kato*, 549 U.S. 384, 397 (2007). Plaintiff was advised that, if he wished to re-open this case relative to defendant Houseman, he must inform the Court within thirty days of his criminal judgment becoming final, and he has now done so [Doc. #12]. More specifically, plaintiff advised the Court that after pleading guilty to the state criminal charges, he was sentenced to seven years' imprisonment. On December 8, 2015, this case was re-opened as to defendant Houseman [Doc. #13], and plaintiff was advised that the complaint would be reviewed under § 1915 to determine if process should issue as to defendant Houseman.

## Discussion

To recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions that would render a conviction or sentence invalid, a § 1983 plaintiff

must prove that his conviction or sentence has been reversed, expunged, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477 (1994). In the instant action, plaintiff does not claim that his state criminal conviction or sentence has been reversed, expunged, invalidated, or called into question. As such, having carefully reviewed this case, the Court concludes that plaintiff's claims against defendant Jesse Houseman are presently barred by the United States Supreme Court's holding in *Heck*.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint as to defendant Jesse Houseman, because the complaint is legally frivolous and fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B); *Heck v. Humphrey*, 512 U.S. 477 (1994).

**IT IS HEREBY CERTIFIED** that an appeal from this Order would not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3).

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 10th day of December, 2015.

/s/ John A. Ross
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**